UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY BATISTA, ON HIS OWN
BEHALF AND OTHERS SIMILARLY
SITUATED,

Plaintiffs,

v.                                                                    Case No. 8:14-cv-02874-EAK-EAJ

OS RESTAURANT SERVICES,
LLC d/b/a CARRABBA'S ITALIAN
GRILL, LLC, a Florida Limited
Liability Company,

Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant's, OS Restaurant Services ("OSRS"), Motion to Dismiss the Complaint (Doc. 10) and Plaintiffs', Danny Batista and others similarly situated, Response in Opposition of Defendant's Motion to Dismiss (Doc. 13). For the reasons hereinafter stated, Defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

**PROCEDURAL BACKGROUND**

Plaintiffs, Danny Batista and others similarly situated, filed this action on November 18, 2014 in the United States District Court, Middle District of Florida, Tampa Division (Doc. 1) alleging Fair Labor Standards Act (FLSA) violations. Defendant, OS Restaurant Services, LLC d/b/a Carrabba's Italian Grill, LLC (hereinafter "OSRS"), filed the Motion to Dismiss (Doc. 10) on December 30, 2014. Plaintiffs filed the Response in Opposition (Doc. 13) on January 15, 2015. The following facts are set

out only for purposes of resolving the Motion before the Court based on the filings of the parties and the complaint.

## STATEMENT OF THE FACTS

Plaintiffs, Danny Batista and others similarly situated, have worked as cooks for Defendant, OSRS, from December 23, 1999 to present. Plaintiffs' duties include being deli cooks, preparing food, and providing catering services. Batista is paid a regular rate of pay of $16.00 per hour. Plaintiffs similarly situated receive similar compensation to that of Batista. All Plaintiffs have worked greater than 40 hours per week, being forced to work off the clock for extended periods of time. As such, Plaintiffs have not been compensated for overtime wages.

Defendant, at all relevant times has had two or more employees engaged in interstate commerce by handling, selling, or otherwise working on goods from outside the state of Florida. Defendant has further been engaged in interstate commerce by use of telephones and computers, accepting payment by credit cards issued by out-of-state banks

## DISCUSSION

**A.  Motion to Dismiss For Failure to State a Claim**

To survive a Motion to Dismiss, Plaintiffs must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

The FLSA requires employers to pay their employees at least one and a half times their regular wage for every hour worked in excess of forty per week.  29 U.S.C. § 207(a)(1).  A violation of 29 U.S.C. § 207 entitles an employee to bring a private FLSA action for damages.  29 U.S.C. § 216(b).

"An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

When evaluating the sufficiency of a complaint as to whether or not an employee worked unpaid overtime, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'"  *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003)(quoting Fed.R.Civ.P. 8(a)).  "Because the Federal Rules embody the concept of liberalized 'notice pleading,' a complaint need contain only a statement calculated to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 881.

In *Matallana v. McDonald's Corp.*, the United States District Court for the Middle District of Florida denied Defendant's Motion to Dismiss for failure to state a claim.  2009 WL 756205, at *2 (M.D. Fla. Mar. 18, 2009).  In that case, Plaintiff failed to state her compensation rate, numbers of hours due compensation, and the exact time periods she worked.  *Id.*  That court noted it was not necessary for her to do so at such

point in the litigation and found she had pled sufficient facts to be covered under the FLSA. *Id.*

Similarly, Plaintiffs in this case have not stated the exact time period for which overtime compensation is due. However, in liberally construing the complaint, Plaintiffs have pled sufficient factual allegations to give Defendants fair notice of their FLSA claim. Therefore, Plaintiffs have met the burden of showing they are employees who worked unpaid overtime.

The second part of the analysis is whether or not Plaintiffs have shown Defendant knew or should have known of the overtime work. *Bailey* at 801. An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift. 29 C.F.R. § 785.11. The reason why an employee works beyond their shift is immaterial. *Id.*

Here, Plaintiffs allege they were required to work off the clock as a policy or practice used by Defendant. Though the reason is immaterial, this Court finds these allegations are sufficient to impute knowledge on the part of the Defendant. Therefore, Defendant knew, or should have known of the overtime work.

## CONCLUSION

The FLSA requires employers to pay overtime pay equal to no less than one and a half times that employee's regular rate of pay for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). Plaintiffs had to show: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey* at 801. In liberally construing the complaint, Plaintiffs have met their burden sufficient to withstand a Motion to Dismiss for failure to state a claim. Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss for failure to state a claim be **DENIED** and the Defendant shall answer this Complaint within ten days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of April 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record